UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ABDULAI BUNDU KAMARA,
    Petitioner,

vs.

JEFF SESSIONS, et al.,
    Respondents.

Case No. 1:17-cv-679

Black, J.
Bowman, M.J.

REPORT AND
RECOMMENDATION

This habeas corpus action brought pro se pursuant to 28 U.S.C. § 2241 is before the Court on respondent's motion to dismiss.  (Doc. 23).

On August 15, 2017, petitioner, a native and citizen of Sierra Leone, filed a petition for habeas corpus challenging his continued detention by the United States Immigration and Customs Enforcement Agency (ICE) pursuant to a final order of removal.  (*See* Doc. 1). Petitioner was taken into ICE custody on or about February 3, 2017.  Petitioner argues that his continued detention is unlawful because he has been detained for more than six months with no significant likelihood of his actual removal, in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001).[1]  Petitioner seeks immediate release from custody.  (Doc. 1 at PageID 9).

On February 6, 2018, respondents filed a motion to dismiss the petition for lack of jurisdiction.  In support of the motion, respondents include the Declaration of Oscar Blair, Jr., a Deportation Officer for the Enforcement and Removal Office of ICE.  Blair attests that petitioner was removed from the United States to Sierra Leone on January 23, 2018. (Doc. 23-1, Blair Decl. at PageID 77, ¶ 5).

---

[1] In *Zadvydas*, the Supreme Court held that indefinite detention of an alien who has been ordered removed was not authorized by 8 U.S.C. § 1231(a) and created a presumptive rule that after six months of custody an alien should be released if there is "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Petitioner does not challenge his removal order in this case. He instead contests his indefinite detention pending removal. (*See* Doc. 1). In these circumstances, petitioner's January 23, 2018 removal renders this action moot and deprives the Court of jurisdiction. *See Novikova v. Prendes*, Case No. 3:06-cv-0039, 2006 WL 1424255, at *2 (N.D. Texas May 24, 2006) (finding that the removal of a petitioner challenging her detention pending removal deprived the district court of jurisdiction to consider the habeas petition). *See also Felix v. Bureau of Immigration and Customs Enforcement*, No. 3:05-cv-2211, 2007 WL 951452, at *1 (M.D. Pa. Mar. 27, 2007) ("When an alien subject to removal challenges only his detention pending removal, his release pending removal, whether or not conditional, entails no collateral consequences. It renders the petition moot because he has received all the relief he sought and would have been entitled to."); *see also Kahn v. Attorney General*, Case Nos. 1:15-cv-2014, 1:16-cv-85, at *2 (N.D. Ohio May 17, 2016) ("As Petitioner has received his requested relief by being released from custody on an order of supervision, there is no longer an active case or controversy.") (Report and Recommendation), *adopted*, 2016 WL 4009885 (N.D. Ohio June 25, 2016); *Willix v. Holder*, No. 1:11-cv-894, 2012 WL 463830, at *1 (W.D. Mich. Jan 24, 2012) (finding habeas petition moot where petitioner seeking release pending removal is released pursuant to an order of supervision) (Report and Recommendation), *adopted*, 2012 WL 463825 (W.D. Mich. Feb. 13, 2012).

Therefore, because petitioner has been removed, the undersigned recommends that respondent's motion to dismiss (Doc. 23) be **GRANTED** and the petition be dismissed.

    **IT IS SO RECOMMENDED.**

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ABDULAI BUNDU KAMARA,<br>　　Petitioner, | Case No. 1:17-cv-679 |
| | Black, J. |
| vs. | Bowman, M.J. |
| JEFF SESSIONS, et al.,<br>　　Respondents. | **REPORT AND<br>RECOMMENDATION** |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).